# United States Court of Appeals
## For the First Circuit

No. 04-2261

MARTIN ROBERTS,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Dyk,* and Howard,
Circuit Judges.

Khagendra Gharti Chhetry and Chhetry & Associates, P.C. on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, Emily A. Radford, Assistant Director, Office of Immigration Litigation, and Jean-Michel Voltaire, Trial Attorney, United States Department of Justice, on brief for respondent.

September 6, 2005

_____

*Of the Federal Circuit, sitting by designation.

**SELYA**, <u>Circuit Judge</u>. The petitioner, Martin Roberts, is a native of Grenada. He seeks judicial review of a decision of the Board of Immigration Appeals (BIA) affirming a denial of his motion to reopen removal proceedings. Concluding, as we do, that the BIA did not abuse its discretion in deeming the petitioner's motion untimely, we deny the petition.

The facts are uncomplicated. The petitioner lawfully entered the United States on January 20, 1994. His B-2 visa furnished him with authorization to remain for a period not to exceed six months. He overstayed the expiration date and accepted employment without authorization from the Immigration and Naturalization Service (INS). The INS subsequently apprehended him and initiated removal proceedings.

The Immigration Judge (IJ), in an order dated February 26, 1997, adjudged the petitioner removable. The IJ's order granted him a one-year period within which to depart voluntarily and decreed that, should he fail to do so, he would be deported.

The petitioner ignored the voluntary departure deadline. He remained in the United States and, in 2000, married a United States citizen. A year later, his bride filed an I-130 application on his behalf for a relative visa. The INS approved the application.

The petitioner waited two more years and, in July of 2003, moved to reopen the removal proceedings to allow pursuit of

an adjustment of status based on his marriage and the impending birth of twins (who, when born, would be United States citizens). The IJ denied the motion on timeliness grounds, concluding that the petitioner's marriage was not an exceptional circumstance that warranted a relaxation of the usual time line governing motions to reopen. See 8 C.F.R. § 1003.23(b) (establishing time frame for filing motions to reopen). The BIA affirmed the IJ's decision. This petition for judicial review followed.

In this venue, the petitioner asserts that because he demonstrated prima facie eligibility for adjustment of status to lawful permanent residency through his bona fide marriage to a United States citizen, see 8 U.S.C. § 1255(e), the BIA erred in adhering slavishly to its temporal guideposts. He adds that the BIA's failure to weigh certain factors in his favor, including his good character and the hardship that would befall his family (including his two children) as a consequence of his deportation, constituted an abuse of discretion.

Although the contours of the petitioner's arguments are somewhat blurred, it seems that he is contending not only that the BIA abused its discretion in finding untimeliness but also that it erred in not disregarding timeliness concerns and invoking its sua sponte authority to reopen the case. We address these two facets of the petitioner's claim separately.

We begin with bedrock: "motions to reopen are disfavored in immigration practice because of the compelling public interests in finality and the expeditious processing of proceedings." Falae v. Gonzáles, 411 F.3d 11, 14-15 (1st Cir. 2005) (citing INS v. Abudu, 485 U.S. 94, 107-08 (1988)). Consequently, we review the BIA's denial of a motion to reopen based on timeliness grounds under a highly deferential abuse of discretion standard. See id.; Jupiter v. Ashcroft, 396 F.3d 487, 490 (1st Cir. 2005). In order to prevail under this standard, the movant must carry the heavy burden of establishing that the BIA made an error of law or acted in a manifestly arbitrary or capricious manner. See Carter v. INS, 90 F.3d 14, 16-17 (1st Cir. 1996).

The regulations applicable to immigration cases, which have the force of law, stipulate that motions to reopen removal proceedings must be filed within ninety days of the final administrative order of removal. See 8 C.F.R. § 1003.23(b)(1). The petitioner's motion was filed well outside this ninety-day window and the BIA denied the motion because it had not been timely filed. The petitioner counters that it was impossible for him to file a timely motion to reopen because his request for reopening stemmed from nuptials that did not occur until after the ninety-day window had closed. To this, he adds that he was forced to postpone the filing of his motion further because of (i) the bureaucratic delay in the approval of his I-130 immediate relative application

-4-

and (ii) the statutory limitation applicable to persons who flout voluntary departure orders.

We digress for a moment because the second half of that argument requires an explanation. Once the petitioner did not depart voluntarily by the imposed deadline — February 27, 1998 — he became ineligible for certain immigration benefits, including adjustment of status, for a period of five years. See 8 U.S.C. § 1229c(d).[1] Since he waited for the passage of that five-year period before moving to reopen the removal proceedings, the petitioner's motion was four years and 275 days late. See 8 C.F.R. § 1003.23(b)(1).

Moving to the substance of the petitioner's arguments, we disagree that the BIA abused its discretion in denying the motion to reopen. Although the time limits for filing motions to reopen may be relaxed upon a showing of exceptional circumstances, see 8 C.F.R. § 1003.23 (b)(4), the mere fact that a petitioner makes out a prima facie case for relief does not ensure the favorable exercise of that discretion by the BIA. See id. § 1003.2(a); Falae, 411 F.3d at 14-15. The BIA still possesses the right (indeed, the duty) to weigh the equities of the case.

---

[1]Although this statute, read literally, provides for a ten-year period of ineligibility, a shorter five-year period applies to the petitioner because removal proceedings were instituted in his case prior to the repeal of former 8 U.S.C. § 1252b(e)(2)(A), which limited ineligibility for benefits to five years from and after the flouted departure deadline.

In this instance the equities are mixed. On the one hand, the petitioner's marriage is bona fide, his character is unblemished, and his removal apparently will result in hardship for his wife and children. On the other hand, the petitioner's case does not fall within the categorical exceptions to the temporal deadline prescribed by the applicable regulation. See 8 C.F.R. § 1003.23(b)(4) (providing that exceptions may be granted if a motion to reopen is, for example, based on an application for asylum or withholding of removal in light of changed country circumstances, or addresses an order that was entered in absentia, or was jointly filed by the alien and the government). Moreover, the petitioner thrice flouted the immigration laws — by overstaying his original visa, by working without a "green card," and by disregarding his court-ordered voluntary departure deadline. His current eligibility for an adjustment of status is a direct result of those misdeeds.

Within broad limits, reconciling such competing centrifugal and centripetal forces is for the BIA, not for the court of appeals. See 8 C.F.R. § 1003.2(a); see also Falae, 411 F.3d at 16 (explaining that the exercise of the BIA's discretion entails "the weighing of multiple factors, not all of which point in the same direction."); Luis v. INS, 196 F.3d 36, 39 (1st Cir. 1999) (finding the alien's equities to be outweighed by adverse factors and, thus, upholding the denial of his untimely motion to

reopen).  On this scumbled record, we cannot say that the BIA's resolution of this mix of mitigating and aggravating circumstances was in any way arbitrary, capricious, or contrary to law.

We add only that we fully understand the BIA's reluctance to reward the petitioner's intransigence by granting his motion to reopen.  Taking a different tack would have served to encourage, rather than deter, disobedience of the federal immigration laws. We conclude, therefore, that the BIA acted within the realm of its discretion in denying the motion to reopen as untimely.

We now turn to the petitioner's challenge to the BIA's refusal to use its sua sponte power as a vehicle for granting his motion to reopen.  Federal regulations state that the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2.  This provision is inapplicable here because the BIA had never rendered a decision in the petitioner's case (he did not appeal from the IJ's original order).  Its first and only involvement was when it denied the petitioner's motion to reopen.  The plain meaning of 8 C.F.R. § 1003.2(a) is to the effect that the BIA cannot invoke its sua sponte authority in a matter if it had not rendered any decisions in the matter prior to the time when it rejected the petitioner's appeal from a denial of a motion to reopen. See Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999).

There is a possible loophole. Like the BIA, the IJ enjoys authority to reopen proceedings sua sponte, see 8 C.F.R. § 1003.23(b)(1), and unlike the BIA, the IJ did issue a decision in the original removal proceedings. Theoretically, then, the petitioner might have contended that the BIA should have compelled the IJ to reopen based on the IJ's sua sponte authority. See, e.g., Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 247 (5th Cir. 2004).

With the facts of this case as they are, however, any such effort would have been procedurally barred. By statute, a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). Courts must take that exhaustion requirement very seriously. See Sousa v. INS, 226 F.3d 28, 31-32 (1st Cir. 2000). If an appeal to the BIA does not explicitly request that the BIA set aside the IJ's refusal to invoke her sua sponte authority under 8 C.F.R. § 1003.23(b)(1), the petitioner has not preserved the issue for judicial review. See Olujoke v. Gonzáles, 411 F.3d 16, 22-23 (1st Cir. 2005) (holding that the doctrine of exhaustion of administrative remedies bans attempts by petitioners to resurrect on judicial review issues which were not raised before the BIA); Prado, 198 F.3d at 292 (finding petitioner's claim unreviewable because she had failed to request that the BIA invoke its sua sponte authority); see also Bernal-

Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) (explaining that "usually issues not raised before the BIA may not be raised for the first time on petition for review.").

This line of authority is dispositive here. The petitioner did not ask the BIA to compel the IJ to reopen the proceedings based on the latter's sua sponte authority to do so. We thus would lack jurisdiction to review any such claim even if we were to impute one to the petitioner.[2]

We need go no further. For the reasons elucidated above, the petition for judicial review is denied.


**So Ordered**.

---

[2]We note that, apart from the petitioner's failure to exhaust administrative remedies, it is at least arguable that our review of this challenge would in all events be barred because we lack authority to review issues committed to the agency's unfettered discretion. See Prado, 198 F.3d at 292; Luis, 196 F.3d at 40-41; see also Heckler v. Chaney, 470 U.S. 821, 821 (1985) (explaining that "judicial review of an administrative agency's decision is not to be had if the statute in question is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion"). In the circumstances at hand, we need not address this issue.