UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 23, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1686

| | |
|---|---|
| YETUNDE BALOGUN,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A77-648-768 |
| ALBERTO R. GONZALES,<br>*Respondent*. | |

**O R D E R**

Nigerian citizen Yetunde Balogun seeks review of the Board of Immigration Appeals' (BIA) decision denying her motion to reopen removal proceedings. Because we believe that the BIA did not abuse its discretion in deeming Balogun's motion untimely, we deny her petition.

In December 1999, Balogun attempted to enter the United States without a valid entry document, was placed in custody of the Immigration and Naturalization Service, and was charged with removal. She conceded removability, but applied for

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

asylum, claiming a fear of female genital mutilation if she were to return to Nigeria. In June 2001, the immigration judge denied her application for asylum and ordered removal; the BIA summarily affirmed that decision in December 2002. Two months later, in February 2003, Balogun married a United States citizen; a few months later she gave birth to their first child. In May 2003, Balogun's husband filed an I-130 immigrant visa petition on Balogun's behalf.

Balogun then waited 19 months and, in December 2004, moved to reopen the removal proceedings so that she could seek adjustment of status based on her marriage. To file a motion to reopen, however, Balogun had only 90 days from the date of the final administration decision, *see* 8 C.F.R. § 1003.2 (c)(3), which here was December 2002. The BIA therefore denied her motion as untimely, adding that it found no exception to the timeliness bar.

We review a BIA's denial of a motion to reopen a case for abuse of discretion. *Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005). Exceptions to the 90-day filing rule may be made only based on "changed circumstances arising in the country of nationality," and then only if "such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2004).

Balogun first argues that her untimeliness should be excused because of "pressing personal circumstances," including her marriage, pregnancy, and birth of her child. But Balogun's marriage and the subsequent birth of her child are changes in personal circumstances, not conditions in Nigeria, and therefore do not trigger an exception to the 90-day filing deadline. *See Selimi*, 360 F.3d at 739. Furthermore, to the extent Balogun argues that the BIA should have reopened her case *sua sponte* in the "interest of justice," we note that when the BIA declines to reopen a case *sua sponte*, that decision is discretionary and unreviewable. *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003).

Balogun next argues that the 90-day filing deadline should be equitably tolled because she was "ignoran[t] of the procedural niceties of immigration law" and did not know to seek reopening of her asylum claim until two years after her husband had filed an immigrant visa on her behalf. As the government points out, however, Balogun failed to explicitly present this issue to the BIA and thus failed to exhaust all administrative remedies as required by 8 U.S.C. § 1105a(c). *Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir. 2003).

Finally, Balogun argues that the Board improperly denied the motion to reopen because she has proof of her bona fide marriage (i.e. children, joint bank accounts and insurance policies), and thus has established prima facie eligibility for adjustment of status to permanent resident. She acknowledges that her motion

was filed well outside the 90-day window, but counters that it was impossible for her to file a timely motion to reopen because her request for reopening stemmed from her marriage that did not occur until one month before the expiration of the 90 days.

Under the regulation, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). One of the requirements that the Board has set forth in evaluating a motion to reopen to adjust status based on marriage is that the motion be timely filed. *See In re Valarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002), *quoted in Ssali v. Gonzales*, 424 F.3d 556, 565 (7th Cir. 2005). Even though Balogun married in February 2003, shortly before the 90-day deadline to file a motion to reopen, she did not seek reopening until 19 months later. Given this untimely filing, we cannot say that the BIA abused its discretion by denying her motion to reopen regardless of whether she has established prima facie eligibility for adjustment of status. *Roberts v. Gonzales*, 422 F.3d 33, 36 (1st Cir. 2005) (denying petition for review of untimely motion to reopen despite petitioner's bona fide marriage to United States citizen; petitioner among other things waited nearly five years after deadline before filing motion to reopen).

The petition is DENIED.