# United States Court of Appeals

## For the First Circuit

No. 06-1628

LAURA LEMUS ET AL.,

Petitioners,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD

OF IMMIGRATION APPEALS

Before

Lipez, Circuit Judge,
Newman* and Selya, Senior Circuit Judges.

Stephen Pegman, Stephen A. Lagana, and Lagana & Associates on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, Patricia A. Smith, Senior Litigation Counsel, and Terri León-Benner, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

June 6, 2007

_____
*Hon. Pauline Newman, of the Federal Circuit, sitting by designation.

**SELYA**, **Senior Circuit Judge**.   The petitioner, Laura Lemus, seeks judicial review of an order of the Board of Immigration Appeals (BIA) denying her fifth motion to reopen a removal proceeding.[1]   She asserts that the BIA abused its discretion by failing to find changed circumstances in her homeland.   The petition for review is meritless.

The underlying facts are relatively uncomplicated.   The petitioner is a Guatemalan national.   She entered the United States as a visitor on May 8, 1993, and overstayed.   On June 1, 1999, federal authorities initiated a removal proceeding against her. See 8 U.S.C. § 1227(a)(1)(B).

The petitioner conceded removability and cross-applied for asylum and withholding of removal.   She claimed a well-founded fear of persecution should she be returned to Guatemala.   She premised that claim on her past political activity there.

On March 3, 2000, an immigration judge denied the petitioner's cross-application and ordered her removal.   The judge's rulings were based largely on an adverse credibility determination.

The petitioner appealed to the BIA but failed to submit a timely brief.  With that in mind, the BIA summarily affirmed the

---

[1]The petitioner's husband and children were named as tagalongs in her cross-application for asylum and withholding of removal. Because their claims are wholly derivative, we refer only to the petitioner.

immigration judge's decision.  The petitioner did not seek judicial review of the BIA's decision, which became final in due course.

There followed a virtual barrage of motions to reopen. Four times the petitioner endeavored to reopen the proceedings, and four times the BIA rebuffed her endeavors.  Twice, the petitioner unsuccessfully sought judicial review of orders denying motions to reopen.

We fast-forward to December 19, 2005.  On that date, the petitioner filed her fifth motion to reopen.  Like most of her earlier motions, this motion alleged changed country conditions in her homeland.[2]  On March 16, 2006, the BIA denied this motion on the grounds that it was untimely, not subject to any statutory or regulatory exception to the filing deadline, and in all events not material because it represented an attempt "to present updated information regarding country conditions to reinforce her original claim" rather than changed circumstances per se.  This petition for judicial review followed.

We need not tarry.  Motions to reopen removal proceedings are disfavored as contrary to "the compelling public interests in finality and the expeditious processing of proceedings." Falae v. Gonzales, 411 F.3d 11, 14-15 (1st Cir. 2005).  Consequently, the

---

[2]This time, the petitioner alleged that the change in circumstances was based upon the Guatemalan government's admission, in July of 2004, of responsibility for the earlier assassination of Jorge Carpio-Nicolle, the founder of the political party to which the petitioner belonged.

BIA enjoys a broad measure of latitude in passing upon such motions. See INS v. Doherty, 502 U.S. 314, 323 (1992). Judicial review is exclusively for abuse of discretion. See Roberts v. Gonzales, 422 F.3d 33, 35 (1st Cir. 2005). This means that such a decision will be upheld "unless the complaining party can show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." Raza v. Gonzales, ___ F.3d ___, ___ (1st Cir. 2007) [No. 06-1762, slip op. at 5].

An alien normally may file only one motion to reopen a removal proceeding — and that motion must be filed within ninety days of the rendition of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). In other words, "motions to reopen are limited both numerically (one to a customer) and temporally (a ninety-day window)." Raza, ___ F.3d at ___ [slip op. at 5]. Because the final administrative decision in this case was entered by the BIA on October 30, 2001, the instant motion was well out of time. And because no fewer than four motions to reopen preceded it, the instant motion was numerically barred as well.

To be sure, these temporal and numerical limitations admit of an exception for motions to reopen that rest solidly upon changed circumstances. See 8 C.F.R. § 1003.2(c)(3); see also Roberts, 422 F.3d at 36. "Under this rubric, the agency may waive numerical and temporal bars to reopening if an alien makes a convincing demonstration of changed conditions in his homeland."

<u>Raza</u>, ___ F.3d at ___ [slip op. at 6]. It is this exception that the petitioner seeks to exploit.

She does not succeed. As the BIA pointed out, the petitioner does not really contend that country conditions in Guatemala have worsened since the BIA ordered her removal. Rather, she proffers materials designed to persuade the BIA that its original assessment of country conditions was incorrect. Evidence that merely contradicts the BIA's appraisal of country conditions without showing that, over time, those conditions have worsened is insufficient to vault a motion to reopen over the temporal and numerical hurdles erected by the regulations. <u>See</u>, <u>e.g.</u>, <u>Zhao</u> v. <u>Gonzales</u>, 440 F.3d 405, 407 (7th Cir. 2005); <u>Betouche</u> v. <u>Ashcroft</u>, 357 F.3d 147, 152 (1st Cir. 2004). To cinch matters, the newly proffered information does nothing to rehabilitate the petitioner's failed credibility — and as said, the final administrative decision in this case hinged mainly on an adverse credibility determination.

We need go no further. Once removal has been mandated, an alien ought not to be allowed to frustrate the removal order by filing an endless series of motions. This is the fifth time that the petitioner has gone to the well; her incessant stream of motions to reopen has thus far delayed the execution of the removal order for some five and one-half years. Common sense suggests that we bring these proceedings to as swift a conclusion as the interests of justice will permit. The aphorist tells us that hope

-5-

springs eternal, but entreaties for judicial relief founded on hope alone, unaccompanied by any semblance of respectable factual or legal support, should not be encouraged.

**<u>The petition for judicial review is denied</u>**.