# United States Court of Appeals
## For the First Circuit

No. 08-2214

IQBAL HUSSAIN,

Petitioner,

v.

ERIC H. HOLDER, JR.,* ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Selya and Boudin, <u>Circuit Judges</u>.

<u>Carlos E. Estrada</u>, on brief for the petitioner.
<u>Anthony W. Norwood</u>, Senior Litigation Counsel, Office of Immigration Litigation, <u>Tony West</u>, Assistant Attorney General, Civil Division, and <u>Terri J. Scadron</u>, Assistant Director, Office of Immigration Litigation, on brief for respondent.

August 7, 2009

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent.

**LYNCH**, **Chief Judge**.  Iqbal Hussain, a native and citizen of Pakistan, seeks review of a final order of the Board of Immigration Appeals ("BIA") denying his application for withholding of removal and protection under the Convention Against Torture ("CAT") and rejecting his request for voluntary departure.  The record supports the BIA's conclusions.  We lack jurisdiction to review the denial of requests for voluntary departure.  We deny Hussain's petition for review in part, and dismiss it in part.

I.

Hussain entered the United States without inspection on June 1, 2001.  On October 31, 2004, the Department of Homeland Security issued a Notice to Appear, charging Hussain as a removable alien because of his presence in the United States without admission or parole.  On May 17, 2005, Hussain conceded removability and filed an application for asylum, withholding of removal based on political persecution, and protection under the CAT.  In the alternative, Hussain requested voluntary departure. Hearings before an Immigration Judge ("IJ") occurred on March 5, 2007, by which point Hussain had abandoned his application for asylum.

Hussain testified that he previously faced persecution for his political beliefs while he served as a secretary general of the Pakistan Muslim League in his village in the Swat region of Pakistan.  He claimed that during a dispute over Hussain's handling

-2-

of a drainage project, which he admitted was a personal matter, the father of a political rival threw a shoe at him and broke his hand. The police arrested this man but later released him. Later, in early 1999, the individual, armed with a gun, was looking for (but did not find) Hussain, and Hussain left the village for Karachi. Hussain also claimed that after he left the village, he heard from his family that the police repeatedly had come looking for him. Hussain added that he feared returning to Pakistan because the same political rival remained in the village, he felt the police would not protect him, and he was concerned about his ability to support his family financially. In his application, though not at the hearing, Hussain also claimed that he feared the government would torture him based on the government's alleged practice of torturing and killing the political opposition.

In an oral decision on March 5, 2007, the IJ held that Hussain had failed to establish eligibility for withholding of removal. The IJ determined that Hussain could not show past persecution on political grounds because he never established what political views he held. Nor did Hussain's claims to have had his hand broken and to have been sought by a man with a gun qualify as persecution. The IJ further concluded that Hussain had presented no evidence showing an objective fear of future persecution on political grounds. His testimony regarding his fears of returning to Pakistan centered on his future economic welfare. The IJ

similarly rejected Hussain's claim of future persecution based on his assertion that the police were looking for him, since Hussain hypothesized that the police merely may have been investigating allegations that Hussain made personal use of bank loans.

The IJ also expressed "serious reservations" about Hussain's credibility. The IJ cited Hussain's misleading testimony regarding the dates of his children's births, the notarization of his marriage certificate, his payment for a work permit, and his application for adjustment of status based on a fraudulent marriage.

The IJ also found that Hussain's CAT protection claim failed because "[t]here is no evidence whatsoever in the record that the Court could find that [Hussain] would be tortured by officials of the government" upon his return to Pakistan. Finally, the IJ denied the request for voluntary departure on the grounds that Hussain had illegally purchased work authorization, had failed to file tax returns, had applied for adjustment of status based on a non-existent marriage, and had not shown that he could post the voluntary departure bond.

The BIA affirmed the IJ's decision in an opinion issued on August 26, 2008. It agreed that "the experiences described by respondent do not amount to past persecution" and that the record did not support a finding that Hussain had an objective fear of future persecution. The BIA further agreed with the IJ's finding

-4-

that "nothing in the record" suggested Hussain was at risk of being tortured if he returned to Pakistan and that he thus failed to show eligibility for CAT relief. The BIA then affirmed the IJ's discretionary denial of voluntary departure for substantially the same reasons as the IJ. Finally, the BIA rejected Hussain's motion to remand on the basis of alleged changes in country conditions in Pakistan, which Hussain had filed during the pendency of the appeal.

This petition for review followed.

II.

We review the agency's factual determinations by applying the deferential "substantial evidence" standard. Touch v. Holder, 568 F.3d 32, 38 (1st Cir. 2009). So long as "reasonable, substantial, and probative evidence on the record considered as a whole" supports these determinations, we must accept them. Shahari v. Gonzáles, 407 F.3d 467, 473 (1st Cir. 2005) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)) (internal quotation marks omitted). Under this test, "we reverse only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Budiono v. Mukasey, 548 F.3d 44, 48 (1st Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review both the IJ's and BIA's opinions when, as here, the BIA affirmed the IJ's ruling but also analyzed various bases for the IJ's conclusions. Limani v. Mukasey, 538 F.3d 25, 30 (1st Cir. 2008).

-5-

A.        Withholding of Removal

Applicants for withholding of removal bear the burden of showing that their "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). Applicants can satisfy this burden by showing that they were subject to past persecution, which carries the rebuttable presumption that the applicant will be subject to future persecution. 8 C.F.R. § 1208.16(b)(1). Alternately, applicants can demonstrate that they will "more likely than not" face future persecution. 8 C.F.R. § 1208.16(b)(2).

Here, substantial evidence supports the determination that Hussain neither faced past persecution nor a likelihood of future persecution. Hussain argues that because his broken hand constituted tangible physical harm, the BIA and the IJ erred in concluding that he had not suffered past persecution. But the law of this circuit is clear that not every instance of physical harm rises to the level of persecution, for "[t]o qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." Jorgji v. Mukasey, 514 F.3d 53, 57 (1st Cir. 2008) (quoting Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000)). Because we have found an absence of persecution even in cases where the physical harm was more severe and more clearly politically motivated, we cannot conclude that the BIA and

-6-

the IJ erred in dismissing Hussain's allegations of past persecution. See, e.g., Journal v. Keisler, 507 F.3d 9, 12 (1st Cir. 2007) (no persecution where members of rival political party looked for applicant at his home and later hit applicant on the head and shoulders); Bocova v. Gonzales, 412 F.3d 257, 262-64 (1st Cir. 2005) (no persecution where members of police beat applicant in two separate incidents and threatened him with death).

Moreover, Hussain's experiences comprise two separate events that stemmed from a private dispute with a single individual over a drainage project. On the basis of the record, Hussain was not "subjected to systematic maltreatment rising to the level of persecution, as opposed to a series of isolated incidents." Topalli v. Gonzales, 417 F.3d 128, 132 (1st Cir. 2005); see also Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005). We cannot find that the evidence compels a conclusion that Hussain suffered past persecution.

Substantial evidence also supports the conclusion that Hussain did not show a well-founded fear of future persecution. Hussain does not challenge the IJ's and the BIA's conclusion that he presented insufficient evidence of his fears of future persecution. In his brief before this court, he instead contends for the first time that the Taliban's recent targeting of pro-American Pakistanis in the Swat region independently establishes Hussain's well-founded fear of future persecution. Because we

-7-

cannot entertain new arguments or new factual predicates for old arguments on appeal, we will not evaluate this claim.  See Cochran v. Quest Software, Inc., 328 F.3d 1, 11-12 (1st Cir. 2003).

B.      CAT Protection

The record amply supports the conclusion that Hussain presented no evidence regarding the likelihood of his being tortured upon his return to Pakistan.  Applicants are entitled to CAT protection only if they show that in the country of removal, they will more likely than not face torture with the consent or acquiescence of the government.  See 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a).  He did not.

Perhaps recognizing this, in his brief before this court, Hussain's lone argument is that recent reports of Taliban activities in the Swat region show that he is likely to face torture at the hands of the Taliban due to his "previous United States residency."  This is the same newly advanced argument as he uses to bolster his claims of future persecution, and we cannot consider it for the same reasons.

Finally, we agree with the government's contention that Hussain has waived his challenge to the BIA's denial of the motion to remand based on changed country conditions.  Though Hussain's brief cites recent news articles and a 2008 country report regarding Taliban activities in the Swat region, it omits any mention of the motion to remand or the BIA's reasons for rejecting

the motion.  The mere assertion of facts that potentially support the motion is not enough to preserve the argument.  The materials in question cannot be considered in any event because they were neither introduced into the record nor included in support of the motion to remand.  See 8 U.S.C. § 1252(b)(4)(A) (requiring court of appeals to decide the petition "only on the administrative record on which the order of removal is based").  We conclude that the issue was waived. See Dawoud v. Holder, 561 F.3d 31, 37 (1st Cir. 2009).

C.        Voluntary Departure

Hussain also argues that the BIA erred in affirming the IJ's discretionary denial of voluntary departure.  The IJ, he maintains, abused her discretion in finding that he was statutorily ineligible for voluntary departure because he was not a person of "good moral character" for the preceding five years.  This court has no jurisdiction to review denials of voluntary departure. See 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure" entered by an IJ at the conclusion of proceedings); id. § 1252(a)(2)(B)(i); Naeem v. Gonzales, 469 F.3d 33, 37 (1st Cir. 2006) (recognizing that Congress "altered the power of the federal courts with respect to voluntary departure, withdrawing jurisdiction to review grants or denials of voluntary departure").

The petition for review is <u>dismissed</u> in part and <u>denied</u> in part.