**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3928
_____

MEI YU WANG-HUANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-952-405)
Immigration Judge:  R.K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 18, 2012)
_____

OPINION
_____

PER CURIAM

    Mei Yu Wang-Huang, a citizen of China, was placed in removal proceedings after

entering the United States without admission or parole.  To block her removal, Wang-

Huang applied for asylum and related relief, claiming, *inter alia*, that in China she was

both subjected to a forced abortion and fined 10,000 yuan for having violated that country's coercive family planning policy. An immigration judge found that Wang-Huang lacked credibility and denied her applications for relief. The Board of Immigration Appeals ("BIA") summarily affirmed and denied reconsideration. The subsequent petition for review was dismissed by our Clerk of Court under LAR 107.2(b) because Wang-Huang's attorney failed to file a brief. See Wang-Huang v. Att'y Gen., No. 05-1836 (order entered on August 3, 2005).

Years later, Wang-Huang filed a motion to reopen removal proceedings. The BIA gave three reasons for denying the motion: (1) it was untimely; (2) it did not satisfy the exception to the limitations period, found in 8 C.F.R. § 1003.2(c)(3)(ii); and (3) it was not accompanied by a new asylum application, as required by 8 C.F.R. § 1003.2(c)(1). This petition for review followed.[1]

We conclude that the BIA did not abuse its discretion in denying Wang-Huang's motion to reopen. As a preliminary matter, we note that Wang-Huang does not suggest that her motion was timely filed. See 8 C.F.R. § 1003.2(c)(2) (providing for a ninety-day limitations period). She instead contends that the documents submitted to the BIA satisfy the exception to the limitations period based on previously unavailable, material evidence

---

[1] We have jurisdiction under 8 U.S.C. § 1252. Kucana v. Holder, --- U.S. ---, 130 S. Ct. 827, 840 (2010). We review for abuse of discretion the BIA's denial of a motion to reopen. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). "We give the BIA's decision broad deference and generally do not disturb it unless it is 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted).

of changed circumstances in China.  See 8 C.F.R. § 1003.2(c)(3)(ii).  Those documents

are Wang-Huang's self-written, unsworn affidavit and an unsworn letter from her teenage

daughter in China, purporting to show that interest has accrued on Wang-Huang's still-

unpaid fine and that family planning officials have threatened to "take away" Wang-

Huang's daughter if the old fine remains unpaid.

Wang-Huang does not contest the BIA's determination that her putative asylum

claim is successive.  See Pet'r Br. at 15 ("Wang-Huang clearly indicated in her motion

[to reopen] that she was relying on the claim articulated in her 2003 [asylum] application

. . . .").  A successive asylum claim underlying an untimely motion to reopen must be

supported by new evidence reflecting that current circumstances in China are different

from those extant at the time of the removal proceedings.  Liu v. Att'y Gen., 555 F.3d

145, 150 (3d Cir. 2009).

In addition, it is noteworthy that Wang-Huang's original claim was denied on

adverse-credibility grounds.  Although a claim premised on an entirely new theory is not

necessarily tainted on reopening by an earlier credibility finding, see Guo v. Ashcroft,

386 F.3d 556, 562 (3d Cir. 2004), the BIA may reasonably expect an alien who is

proceeding on reopening with the very same theory to make an attempt to rehabilitate her

credibility.  See, e.g., Zhang v, Mukasey, 543 F.3d 851, 855 (6th Cir. 2008); Lemus v.

Gonzales, 489 F.3d 399, 401 (1st Cir. 2007).

Here, Wang-Huang's motion to reopen did nothing to rehabilitate her credibility.

Furthermore, the BIA specifically noted that neither of the new statements accompanying

her motion was "signed under penalt[y] of perjury." J.A. at 3. The BIA had reason to doubt the authenticity of the statements, given that Wang-Huang was found to have submitted fabricated evidence to the IJ during the original removal proceedings. But even if the facts presented in Wang-Huang's motion to reopen were accepted as true, see Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007), the BIA nevertheless did not abuse its discretion by holding that circumstances in China have, for the purpose of her asylum claim, only persisted, not meaningfully worsened. Cf. Pllumi, 642 F.3d at 161.

As for Wang-Huang's failure to submit to the BIA a new asylum application, she argues that doing so "was not necessary." Pet'r Br. at 15. That explanation is unpersuasive in light of BIA precedent holding that the "failure to submit an application for relief, as required by [8 C.F.R. § 1003.2(c)(1)], will typically result in the Board's denial of the motion." In re Yewondwosen, 21 I. & N. Dec. 1025, 1026 (BIA 1997) (en banc); see also Jiang v. Holder, 639 F.3d 751, 757 (7th Cir. 2011); Liu v. Holder, 560 F.3d 485, 491 (6th Cir. 2009); Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1064 (9th Cir. 2008); Palma-Mazariegos v. Keisler, 504 F.3d 144, 147 (1st Cir. 2007) (per curiam); Waggoner v. Gonzales, 488 F.3d 632, 639 (5th Cir. 2007). We also note that the pertinent portion of the regulation is phrased in mandatory language: "A motion to reopen . . . must be accompanied by the appropriate application for relief and all supporting documentation." (emphasis added). The BIA's enforcement of the technical requirements for filing motions to reopen—where the alien's noncompliance is admitted—surely does not constitute an abuse of discretion.

4

For the reasons given in this opinion, the petition for review will be denied.