# United States Court of Appeals
## For the First Circuit

Nos. 06-2479
     07-1568

YEN ZHENG ZHENG,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Dehai Zhang on brief for petitioner.
Christina Bechak Parascandola, Trial Attorney, Allen W. Hausman, Senior Ligigation Counsel, and Peter D. Keisler, Assistant Attorney General, on brief for respondent.

October 29, 2008

**Per Curiam.** Petitioner Zheng, a citizen of China with two American born children, seeks to reinstate her appeal of the denial by the Board of Immigration [BIA] of Zheng's request for asylum and related relief. She alleges that the appeal was withdrawn by her attorney due to a miscommunication and that she never intended to abandon the appeal. Zheng also seeks judicial review of a decision by the BIA denying her motion to reopen immigration proceedings, on the basis of newly discovered evidence. Zheng may reinstate the original appeal. Nevertheless, we deny the requests for relief.

While the voluntary dismissal of an appeal usually deprives an appellate court of jurisdiction, see United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2005), courts have reinstated out of time appeals in extraordinary circumstances, such as when an appeal has been dismissed by an attorney without the approval of the client, Turker v. Ohio Dept. of Rehabilitation & Corrections, 157 F.3d 453, 456 (6th Cir. 1998). Since it is uncontested that the instant appeal was withdrawn without Zheng's consent, we reinstate the appeal. Nevertheless, it is without merit.

Petitioner's original claim was denied because the immigration judge found her hearing testimony not to be credible. The judge also found her petition to be frivolous, a finding which would have barred petitioner from ever seeking to have her

-2-

immigration status adjusted. On appeal, the BIA affirmed the denial of the petition on the ground that the immigration judge's credibility findings were not clear error. However, it reversed the determination that the application was frivolous.

Petitioner now claims that the credibility determination of the immigration judge was not sustainable because the BIA refused to uphold the finding that the asylum application was frivolous. Since the BIA's reversal of the latter ruling does not undermine its specific finding that the judge's credibility determination was supportable, the initial appeal is without merit.

After her initial petition was denied, Zheng sought to reopen proceedings based on alleged new evidence. The evidence consisted of affidavits from Zheng and her family, as well as documents from the Fujian Provincial Population and Family Planning Commission (Zheng is a native of Fujian Province) and an affidavit from one John Aird, said to be an expert on Chinese population control policy. The BIA held that, in light of State Department country condition reports indicating that Chinese nationals who return to China are not being subjected to forced sterilization, Zheng had failed to establish her eligibility for asylum and related relief. In the alternative, the BIA denied the request on the grounds that the evidence presented was previously available. This court reviews denials of motions to reopen for

abuse of discretion. Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003). Review is "highly deferential, focusing on the rationality of the decision to deny reconsideration and reopening, not on the merits per se, of the underlying claim." Abdullah v. Gonzales, 461 F.3d 92, 99 (1st Cir. 2006).

In order to reopen successfully a removal proceeding, an alien must both "establish a prima facie case for the underlying substantive relief sought," Zeng v. Gonzales, 436 F.3d 26, 29 (1st Cir. 2006) (citations omitted), and show that the evidence presented "was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1). Even if both showings are met, the BIA retains discretion to deny the motion, Maryam v. Gonzales, 421 F.3d 60, 62 (1st Cir. 2005). Zheng alleges that, if returned to China, she will likely undergo forced sterilization under China's one child policy, because she already has two children. Under INA Section 101(a)(42)(B), being forced to abort a pregnancy or to undergo sterilization is per se persecution on account of political opinion.

In the instant case, the documents submitted indicate that Zheng will likely face sanctions and penalties upon her return. This is insufficient to constitute persecution. See In re J-W-S, 24 I & N Dec. 185, 191 (BIA 2007) ("Enforcement efforts resulting in moderate economic impact would not, in general, prove

a well-founded fear of future persecution.") (citing cases). Moreover, much of the evidence appears to have been available prior to the determination of her first request for relief in 2005.

Absent substantiation, self serving affidavits from petitioner and her immediate family are of limited evidentiary value. Moreover, the affidavit from Zheng claims only that officials in her home town have "notified [her] family in China that I should undergo sterilization upon my return to China," not that she would be compelled to do so. A.R. 15.

The Aird affidavit, which has been used in several similar cases, has been consistently found to be less convincing than the State Department Country Reports which indicate that a returnee who has children will be penalized upon return, if at all, only by fines or other economic penalties. See Wang v. BIA, 437 F.3d 270, 276 (2d Cir. 2006) ("a balancing of the 2004 Country Report against the Aird affidavit's criticism . . . would lead to the conclusion . . . that petitioner has not shown he would face anything more than economic sanctions if returned to China"); In re J-W-S, 24 I & N Dec. at 191-92 (same); In re C-C, 23 I & N Dec. 899, 902-03 (BIA 2006) (same); but see Guo v. Ashcroft, 386 F.3d 556, 564-66 (3d Cir. 2004) (holding Aird affidavit sufficient to establish prima facie case of likely persecution). The strength of the Aird affidavit is undermined both by the fact that it is

-5-

not based on personal knowledge and especially by the fact that it "refer[s] to no incidents of forced sterilization of parents who return to China with children born abroad." In re J-W-S, 24 I & N Dec. at 190. Finally, it should be noted that the Aird affidavit pre-dates Zheng's original BIA decision and hence is not new evidence.

Zheng also relies on two documents from Fujian Province. The first is a reply from the State Population and Family Planning Commission to a question regarding the applicability of family planning laws to Chinese citizens who have (like Zheng) given birth to children outside the country. According to the document, such births "may be determined as illegal birth and shall be dealt with in compliance with relevant provisions of the Regulations on Population and Family Planning of Fujian Province." A.R. 37. Second, a document from the Family Planning Office of Ting Jiang Town (apparently petitioner's home town), in answer to the question as to "what contraceptive measure needs to be taken after giving birth to two children or more," states "sterilization." A.R. 300.[1] Taken together these suggest that a returnee with two

---

[1]Zheng also supplies a document from a local city government implementing "Fujian Province Family Planning Regulations" which states that "after the second child has been born, then tubal litigation must be performed." A.R. 71. However, this same document states that "[f]or those who refuse to practice birth control in the aftermath of persuasion, authorities of all regions can implement necessary administrative and economic penalties." Id. It does not appear to indicate that forced sterilization will be imposed.

children faces sterilization. Zheng notes that very similar documents were held by the Second Circuit to require a remand to the BIA to determine whether they were sufficient to establish a well founded fear of persecution. Shou Yung Guo v. Gonzales, 463 F.3d 109, 112-15 (2d Cir. 2006); see also Lin v. Dep't of Justice, 473 F.3d 48, 55 (2d Cir. 2007) (remanding similar case in light of Shou Yung Guo documents). Zheng urges this court to follow the Second Circuit's lead.

Subsequent events have weakened Zheng's position. The Second Circuit's remand was based on its recognition that the BIA was the adjudicative body best equipped to evaluate the significance of the Shou Yung Guo documents. Id. at 55. The BIA, after considering these documents, held that they were insufficient to establish a well founded fear of persecution. In re S-Y-G, 24 I & N dec. 247 (BIA 2007); see also In re J-W-S, 24 I & N Dec. 185 (considering similar documents). In J-W-S, the BIA found that, although the documents do suggest that sterilization is a policy for those with more than two children, there was no "evidence that [the policy] is implemented through physical force or other means that would amount to persecution." Id. at 192. Moreover, not only does the Chinese "central government policy prohibit[] physical coercion to compel persons to submit to family planning enforcement," but enforcement efforts in Fujian Province in particular are "lax" and "uneven." Id. at 193. In fact, the

-7-

2006 Country Reports indicates, based on interviews with visa applicants from Fujian Province, no evidence of forced abortions occurring there. Finally, the 2007 State Department Report on China refers to a letter from the Fujian Province Population and Family Planning Commission which states that "children born abroad . . . are not considered permanent residents of China, and therefore are not counted against the number of children allowed under China's family planning laws." Id. After evaluating all the facts, the BIA concluded that the applicant had not shown a well founded fear of persecution.

In reviewing these cases after remand, the Second Circuit noted that the BIA had now fulfilled its duty by considering the evidence it had failed to consider previously. Shao v. Mukasey, ___ F.3d ___, 2008 WL 4531571 (2d Cir. 2008) at *28 n.30. The court also upheld the findings and conclusions of the BIA denying petitioners' requests for relief. Id. at *19-*30.

In sum, the Second Circuit remand was based on its belief that the BIA had yet to evaluate the significance of the Shou Yung Guo documents. The BIA, which the court acknowledged was in the best condition to perform the evaluation, has evaluated the evidence and concluded that the documents are insufficient to establish a well founded fear of persecution. That conclusion in turn has been upheld by the Second Circuit panel. Since Zheng has failed to bring forth any evidence which

-8-

would call into question the BIA's determinations in these cases, we conclude that she has failed to establish a prima facie case for the relief sought.  Therefore, the BIA did not err in denying the motion to reopen.

The petition for judicial review is <u>denied</u>.