SUMMARY ORDER

Petitioner Kaihua Huang, a native and citizen of the People’s Republic of China, seeks review of an April 18, 2008 order of the BIA affirming the May 16, 2007 decision of Immigration Judge Joanna Miller Bukszpan denying his motion to reopen. In re Kaihua Huang, No. A73 177 902 (B.I.A. Apr. 18, 2008), aff'g No. A73 177 902 (Immig. Ct. N.Y. City May 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). Under 8 C.F.R. § 1003.2(c)(2), an applicant may file only one motion to reopen his proceedings and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding. However, an applicant may be excused from compliance with the time and numerical limitations on motions to reopen if he submits evidence establishing “changed country conditions arising in the country of nationality..;.” ' 8 U.S.C. § 1229a(e)(7)(C)(ii); . 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented” at the previous hearing. 8 C.F.R. § 1003.2(c)(1).
In this case, the agency did not abuse its discretion in denying Huang’s motion to reopen. See Celcic, 435 F.3d at 170. Huang was already in violation of the family-planning policy upon the birth of his second child in March 1996, which preceded not only his failure to appear at his January 1998 merits hearing, which resulted in the IJ’s issuance of an in absentia order of removal, but also his August 1997 asylum interview. Thus, Huang’s. status as a violator of the family-planning policy was not a change arising subsequent to the. close of his underlying removal proceedings, see 8 C.F.R. § 1003.2(c)(3)(ii), and evidence of the birth of his first two children therefore could not be construed as evidence which “was not available and could not have been discovered or presented” at his previous hearing, see 8 C.F.R. § 1003.2(c)(1).
Moreover, the birth of Huang’s third child in 2001 constituted a change in personal circumstances rather than changed country conditions. See Jian Huan Guam v. BIA, 345 F.3d 47, 49 (2d Cir.2003). To be exempt from the time limit on motions to reopen, Huang needed to present evidence not only that he was in violation of the family-planning policy based on the births of his U.S.-born children, but that conditions in China had changed with respect to the enforcement *422 of the family-planning policy itself. Huang presented no such evidence.
Huang argues that the BIA erred by declining to take administrative notice of the documents submitted into evidence by the petitioner in Shou, Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006). However, although the BIA is empowered to take administrative notice of “commonly known facts such as current events or the contents of official documents,” see 8 C.F.R. § 1003.1(d)(8)(iv), it is not compelled to do so, see Hoxhallari v. Gonzales, 468 F.3d 179, 186 n. 5 (2d Cir.2006) (per curiam). Huang therefore could not rely on the Shou Yung Guo documents as evidence of either a well-founded fear of persecution or changed country conditions.
Moreover, the BIA’s power to take administrative notice of information contained in documents outside the record is limited to facts that can be characterized as “commonly known.” See 8 C.F.R. § 1003.1(d)(3)(iv). The “facts” set forth in the Shou Yung Guo documents cannot be fairly characterized as “commonly known,” as they have been the subject of dispute in this and other Courts. See, e.g., Jian Hui Shao v. Mukasey, 646 F.3d 138, 172 n. 30 (2d Cir.2008); see also Yen Zheng v. Mukasey, 546 F.3d 70, 73 (1st Cir.2008). Even if the BIA had taken administrative notice of the Shou Yung Guo documents, they had limited, if any, relevance to Huang’s ease because they pertain to the enforcement of the family-planning policy in Fujian Province and the record establishes that Huang is from Zhejiang Province.
Moreover, this Court will not remand a case to the BIA for the consideration of documentary evidence that was not in the record before the BIA where “[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence.” See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 262, 269 (2d Cir.2007). Accordingly, Huang’s reliance on the Shou Yung Guo documents as evidence of changed country conditions is unavailing.
Finally, a review of the BIA’s order denying Huang’s motion reveals that it conducted a reasoned and meaningful evaluation of the evidence, and Huang’s argument that the BIA violated his right to due process by issuing a decision couched in boilerplate language is meritless.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.