Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 12-1883

JIN XIU CHEN,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Gregory Marotta and Law Office of Richard Tarzia on brief for petitioner.

John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Stuart F. Delery, Principal Deputy Assistant Attorney General, and Russell J. E. Verby, Senior Litigation Counsel, on brief for respondent.

June 28, 2013

**LYNCH, Chief Judge**.  A Chinese national, Jin Xiu Chen, petitions for review of the denial of relief of asylum and withholding of removal, based on her claim that the three children she gave birth to while overstaying in the U.S. mean that she has an objectively reasonable fear that she would be sterilized against her will upon return to China.  This Court has already rejected, in Zheng v. Mukasey, 546 F.3d 70, 73 (1st Cir. 2008), the basic argument Chen makes -- that China enforces a blanket national policy of forcibly sterilizing Chinese who return from abroad with more than one child.  Zheng held that even if it was likely that petitioner would face sanctions and penalties upon her return, that was "insufficient to constitute persecution."  Id. at 72.

Chen makes no claim of past persecution.  It is future persecution she says she fears.  She must show that her fear of future persecution is both subjectively genuine and objectively reasonable.  Vanchurina v. Holder, 619 F.3d 95, 99 (1st Cir. 2010).

What was left open to Chen, given our Zheng decision, was to show that, nonetheless, on the facts of her case, she faces an objectively reasonable fear of forced sterilizations on return from local decisionmakers in Changle, in Fujian Province, China, because of her children.

The Immigration Judge (IJ) (who determined Chen was credible) and Board of Immigration Appeals (BIA) found, in detailed opinions denying relief, that she had failed to do so.  The BIA

-2-

adopted and affirmed the IJ's decision and added to the reasoning. So our review is of the whole of those two decisions. <u>Hussain</u> v. <u>Holder</u>, 576 F.3d 54, 57 (1st Cir. 2009). The BIA did not reach the IJ's decision that even if petitioner had met the criteria for asylum, the IJ would still have denied relief as a matter of discretion. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

On judicial review, Chen's arguments are that we must vacate and remand her case because (1) evidence compels the conclusion that her well-founded fear of persecution is objectively reasonable; (2) the agency committed errors by giving limited weight to certain documents she filed; and (3) even assuming she did not show she would be forcibly sterilized, the record compels the conclusion that she would be forced to pay onerous fines and that would amount to persecution.

Under the substantial evidence standard, unless there is an error of law (and there is none here) we may not reverse unless the record would compel a reasonable factfinder to reach a different outcome. <u>Zhou Zheng</u> v. <u>Holder</u>, 570 F.3d 438, 440 (1st Cir. 2009).

We deny the petition.

I.

Most of the key facts are undisputed and are taken from the IJ's findings. Petitioner entered the country on a limited visitor's permit visa in 1999, at about age 23, having paid

-3-

snakeheads to smuggle her in. She deliberately overstayed and concedes she is removable.

In January 2003 she married a man who runs a restaurant in New Hampshire. She now has three children, born in this country. Her specific claim of persecution was that as a returning Chinese parent with more than one child, her home city or province would require her to undergo forced sterilization, so that she had a well-founded fear of persecution. See 8 U.S.C. § 1101(a)(42)(A). After some procedural history not relevant here, an IJ in Boston heard the matter on April 22, 2010. At that hearing the parties stipulated that: (1) Chen has three United States citizen children; (2) if Chen had given birth to her children in China, and if Chen and her family were in China, she would be in violation of the family planning policy of China, which is enforced differently in different provinces; (3) Chen would testify consistently with her prior proceeding; and (4) Chen's fear of future persecution in China on account of her three United States-born children was subjectively genuine.

Against that backdrop we describe the IJ's and BIA's reasoning on those issues which lie at the heart of the case.

The IJ found that the evidence did not establish that Chen's fear of future sterilization was objectively reasonable. The IJ found two State Department reports "highly probative" on two points. A 2009 Report stated that in China "the law prohibits the

use of physical coercion to compel persons to submit to abortion or sterilization." A 2007 Report stated that for over a decade, there had been no forced sterilizations or abortions in Fujian Province, from which Chen had come. Rather, the report stated, only economic penalties were leveled and failure to pay the fee would not result in sterilization. The second point established by the reports is that persons in Chen's situation may not be subject to family planning policies at all. The 2007 Report says U.S. officials were aware of no policy mandating sterilization where at least one of two children had been born abroad. The BIA discussed and affirmed these findings by the IJ.

The IJ then considered and rejected the additional documents submitted by Chen. The USCIS Report submitted in fact contradicted her claim of forced sterilization, even on the assumption that the family planning policy would be applied to her.

As to most other documents she submitted, a number of court decisions have already held that such documents or types of documents are insufficient to establish petitioner's proposition: that there are forced sterilizations of returnees to China who had more than one child born in the United States. See Zheng, 546 F.3d at 72-73. The Aird affidavit, which has been used in several similar cases, has been consistently found to be less convincing than the State Department Country Reports. See id. at 72 (collecting cases); In re J-W-S-, 24 I. & N. Dec. 185, 189-90 (BIA

2007). These Reports indicate that a returnee who has children will be penalized upon return, if at all, only by fines or other economic penalties. The BIA so held.

That leaves the individualized evidence: form village committee certificates, letters from villagers, and statements from family members. The IJ found that the form village committee certificates were not sufficiently reliable, and that they did not establish Chen's point. That was because the Fujian Population and Family Planning Commission has said that such village committees have no authority to impose sanctions against returnees and that their certificates are ineffective. Beyond that, even those certificates she submitted do not say she would be sterilized by force. The BIA supportably held that the forms were secured for litigation purposes, and were unauthenticated, unsigned, and failed to identify the authors, and therefore were insufficient.

The IJ correctly found that the letters from family members were of limited value, and did not establish Chen's burden. They had limited value, even apart from issues of hearsay, unavailability of witnesses for cross-examination, and bias. See Zheng, 546 F.3d at 72 ("Absent substantiation, self serving affidavits from petitioner and her immediate family are of limited evidentiary value."). Further, none of the letters concerned sterilization of an individual who had given birth in the United States and returned. The declarants simply were not similarly

-6-

situated. And none of the declarations was sworn or accompanied by an affidavit. There was no abuse of discretion in the limited weight the IJ gave to Chen's evidence. See Pan v. Gonzales, 489 F.3d 80, 87 n.6 (1st Cir. 2007) ("[W]e defer to the factfinder's reasonable choices from conflicting evidence.").

Chen's attempt to avoid these conclusions by spinning an argument based on China's nationality and citizenship laws was reasonably rejected. That argument, as the BIA said, does not "verify her claim that returnees with children born in the United States are necessarily subjected to coercive family planning practices." The BIA noted evidence that children born abroad who are not entered into household registrations are not counted against the number of children allowed under China's family planning law.

This analysis disposes of the first two arguments in Chen's petition. Her third argument is a fall back or alternative argument that even if only a money penalty would be enforced, assuming Chen is subject to Chinese family planning policies at all, that money penalty amounts to persecution. Both the IJ and the BIA supportably rejected this claim.

As the IJ found and the BIA noted, Chen did not testify that she would be unable to pay the penalty she alleged would be levied. Indeed, she did not say she was unable to pay the fine, she said she was <u>unwilling</u> to do so. Further, she did not

-7-

challenge that finding to the BIA.  She did not show that she had a well-founded fear of economic persecution.

The failure of her claim for asylum dooms her withholding of removal claim, which fails as well.  <u>Zhou Zheng</u>, 570 F.3d at 443.

This is now the third time we have rejected asylum claims of this sort.  <u>See</u> <u>id.</u> at 443; <u>Zheng</u>, 546 F.3d at 73.  Once again we reject these claims, and deny Chen's petition.

<u>So ordered.</u>