<u>NOT RECOMMENDED FOR PUBLICATION</u>
File Name: 20a0393n.06

**Nos. 19-3605/3640**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 09, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GERARDO MURILLO-REYES, | ) | |
| | ) | |
| *Petitioner*, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| WILLIAM P. BARR, Attorney General, | ) | |
| | ) | |
| *Respondent*. | ) | **OPINION** |
| | ) | |

**Before: CLAY, ROGERS, and GRIFFIN, Circuit Judges.**

**CLAY, Circuit Judge.** Petitioner Gerardo Murillo-Reyes, a citizen of Mexico, asks this Court to review the Board of Immigration Appeals' order denying his motion to remand and his motion for administrative notice of State Department documents that became available after his proceedings before the Immigration Judge. He also asks this Court to review the Board's failure to rule on his motion for a three-member panel decision pursuant to 8 C.F.R. § 1003.1(e). For the reasons that follow, we dismiss in part and deny in part the petition for review.

**I. BACKGROUND**

Petitioner Murillo-Reyes is a citizen of Mexico who first entered the United States in 1998 without inspection. After departing temporarily, he reentered the country in 2000, again without inspection. Murillo-Reyes has six children who are United States citizens. His wife does not have legal status.

The Department of Homeland Security initiated removal proceedings against Murillo-Reyes in March 2013 because he was "[a]n alien present in the United States without being admitted or paroled." *See* 8 U.S.C. § 1182(a)(6)(A)(i). At his hearing on the Notice to Appear, Murillo-Reyes conceded that he was removable, but applied for cancellation of removal pursuant to Section 240A of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1229b. He asserted that his removal would result in "exceptional and extremely unusual hardship" to his United States citizen children, who are qualifying relatives for purposes of § 1229b(b)(1)(D). He testified that one of his cousins was murdered in his hometown of Zacatecas, Mexico, and two other cousins were kidnapped for ransom on a separate occasion. Murillo-Reyes said that he worries that his children will be murdered or kidnapped for ransom if they return to Zacatecas.

On January 31, 2018, the Immigration Judge ("IJ") denied Murillo-Reyes's application for cancellation of removal, holding that Murillo-Reyes had not demonstrated the requisite level of hardship to his children if he is removed. The IJ acknowledged Murillo-Reyes's fears that his children "could be kidnapped or used by criminal organizations to carry drugs" if they return to Zacatecas, but she found that he had presented "insufficient evidence to show that those fears are [anything] other than speculation." (A.R. at 68.) Because the IJ found that Murillo-Reyes failed to establish the requisite hardship to his qualifying relatives, she did not decide whether he satisfied the other eligibility requirements for cancellation of removal.[1]

---

[1] To be eligible for cancellation of removal, a nonpermanent resident must show that he has had continuous physical presence in the United States for not less than ten years, has maintained good moral character during that period, has not been convicted of certain specified offenses, and that his removal would result in exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(A)–(D).

Murillo-Reyes appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). In his brief in support of the appeal, Murillo-Reyes moved for the BIA to take administrative notice of a 2018 State Department Country Report for Mexico ("Country Report") and Travel Advisory for Mexico ("Travel Advisory"), which became available after Murillo-Reyes's proceedings before the IJ, or to remand for the IJ to consider these documents in the first instance. Murillo-Reyes included links to the Country Report and Travel Advisory in his brief and language from the Travel Advisory in particular. He argued that the newly submitted evidence would show that his fears that his children would be kidnapped or used by criminal organizations upon return to Zacatecas were no longer speculative, as the IJ had found. He also moved for a three-member panel decision on his appeal pursuant to 8 C.F.R. § 1003.1(e).

In a single-member decision dated July 2, 2019, the BIA dismissed Murillo-Reyes's appeal and denied his motion to remand. The BIA did not expressly take administrative notice of the 2018 Country Report and Travel Advisory. Regarding these motions, the BIA stated:

> The respondent also seeks a remand on appeal in light of a new Department of State country conditions assessment for Mexico. The respondent asserts that violent crime and gang activity are common in parts of Zacatecas, where the respondent is from. However, while we note that the respondent has requested that the Board take administrative notice of the most recent State Department travel advisory to Mexico, it is incumbent upon the respondent to submit any additional documentary evidence in support of a remand that the respondent wishes the Board to consider. The respondent has not submitted any additional documentary evidence on appeal in support of his motion to remand. Moreover, the respondent's claim of general conditions of violence and crime in Zacatecas is insufficient to support a remand for further consideration of the respondent's application for cancellation of removal.

(A.R. at 5.)

Murillo-Reyes now petitions this Court to review the BIA's failure to take account of the 2018 State Department documents, either by taking administrative notice of them or by remanding

to the IJ for further factfinding. Murillo-Reyes also appeals the BIA's decision to resolve his appeal by a single-member rather than a three-member panel.

## II. DISCUSSION

### A. Motion to Remand and Motion for Administrative Notice[2]

Under 8 U.S.C. § 1252(a)(2)(B)(i), this Court lacks jurisdiction to review the BIA's denial of Murillo-Reyes's motion to remand and motion for administrative notice. That provision, titled "matters not subject to judicial review . . . denials of discretionary relief," strips courts of jurisdiction to review the immigration courts' discretionary determination that a petitioner has failed to satisfy the criteria for cancellation of removal. *Ettienne v. Holder*, 659 F.3d 513, 517–18 (6th Cir. 2011). It says that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief" under 8 U.S.C. § 1229b, the cancellation of removal statute. 8 U.S.C. § 1252(a)(2)(B)(i). In accordance with the statute, this Court has "repeatedly recognized" that we lack jurisdiction to review the BIA's determination that a petitioner failed to demonstrate the requisite level of hardship on the same ground that the petitioner asserted before the BIA. *Ettienne*, 659 F.3d at 518; *see, e.g.*, *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 316 (6th Cir. 2018) ("[W]e 'lack jurisdiction to review the denial of a motion to reopen or remand in a cancellation of removal

---

[2] Murillo-Reyes's motion to remand was inextricably bound up with his motion for administrative notice because both sought to introduce the 2018 State Department documents, which had not been reviewed by the IJ. The BIA accordingly analyzed the two motions together and gave the same explanation for denying each of them: that the newly submitted evidence of general conditions of violence and crime in Zacatecas is insufficient to prove the requisite level of hardship to Murillo-Reyes's qualifying relatives. (*See* A.R. at 5.) Because the two motions—and the BIA's resolution of them—were so intertwined, we consider them together. *Cf. Tello-Espana v. Sessions*, 712 F. App'x 554, 557–59 (6th Cir. 2017) (analyzing the BIA's denial of the petitioner's motion to remand separately from her motion for administrative notice where the motions raised different grounds for relief).

4

case, unless the motion raised a new hardship ground not decided in the original decision.'" (quoting *Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 432 (6th Cir. 2015))).

Murillo-Reyes responds that we should exercise jurisdiction over his petition because he is not asking this Court to "reevaluate the trial evidence" and he is not challenging "the cancellation denial" itself. (Reply Br. at 1.) Instead, in Petitioner's view, he is challenging whether the BIA complied with the relevant regulations when it declined to remand his case or take administrative notice of the State Department documents. To be sure, in a line of cases beginning with *Pilica v. Ashcroft*, we have held open "a small safety valve in the form of court review to ensure that the BIA lives by its rules and at least considers new information." 388 F.3d 941, 948 (6th Cir. 2004) (citing *Prado v. Reno*, 198 F.3d 286 (1st Cir. 1999)). In *Pilica*, we held that "a motion to reopen that does not involve the consideration of relief on the merits should not be treated as 'regarding' the granting of relief" under 8 U.S.C. § 1252(a)(2)(B)(i). 388 F.3d at 948; *accord, e.g.*, *Hernandez-Perez*, 911 F.3d at 315–16. In other cases, we have exercised jurisdiction over the BIA's denial of a petitioner's motion to remand or reopen when the appeal involves "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see, e.g.*, *Shakkuri v. Barr*, 780 F. App'x 286, 294 (6th Cir. 2019); *Ishac v. Barr*, 775 F. App'x 782, 789 (6th Cir. 2019); *see also Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (explaining that "[s]ection 1252(a)(2)(B)(i) permits the exercise of jurisdiction in cases in which the BIA rules that a motion to reopen fails to satisfy procedural standards . . . but bars jurisdiction where the question presented is essentially the same discretionary issue originally decided").

But those cases are readily distinguishable from the present case because they did not involve a reweighing of evidence on the same ground considered by the BIA. In contrast, in the

present case, the BIA considered Petitioner's newly submitted State Department documents but still found that Petitioner's claim "of general conditions of violence and crime in Zacatecas is insufficient to support a remand for further consideration of the respondent's application for cancellation of removal." (A.R. at 5.) We read the BIA's order as determining that Murillo-Reyes failed to demonstrate the requisite level of hardship to his United States citizen children even when considering the newly submitted State Department documents. Accordingly, under the INA and our case law interpreting it, we lack jurisdiction to review that discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see, e.g.*, *Ettienne*, 659 F.3d at 517–18.

### B. Motion for a Three-Member Panel Decision

Murillo-Reyes also appeals the BIA's decision to resolve his appeal through a single member rather than a three-member panel and its alleged failure to rule on his motion for a three-member panel. Unlike Murillo-Reyes's claims discussed above, we have jurisdiction to review the BIA's decision to resolve an appeal through a single member. *Gafurova v. Whitaker*, 911 F.3d 321, 330 (6th Cir. 2018). We review that decision for an abuse of discretion. *Id.* at 331. However, unlike in situations in which we require the BIA to rationally explain its decisions, we have held that "a 'single-member assignment may be made for any stated reason' or 'for no stated reason at all.'" *Khaytekov v. Barr*, 794 F. App'x 497, 501 (6th Cir. 2019) (quoting *Gafurova*, 911 F.3d at 331)). This is because according to the regulations, as a default matter, "all cases shall be assigned to a single Board member for disposition." *See* 8 C.F.R. § 1003.1(e); *see also Tapia-Martinez v. Gonzales*, 482 F.3d 417, 425 (6th Cir. 2007) ("Section 1003.1(e) of the Code of Federal Regulations states that '[u]nless a case meets the standards for assignment to a three-member panel under paragraph (e)(6) of this section, all cases shall be assigned to a single Board member for

disposition.'" (alteration in original and quoting 8 C.F.R. § 1003.1(e))); *Khaytekov*, 794 F. App'x at 501 ("These regulations . . . place *no* limits on a single member deciding an appeal." (citing 8 C.F.R. § 1003.1(e)(6))). Indeed, 8 C.F.R. §§ 1003.1(e)(6) and 1003.2(i) provide that cases *may* be decided by a three-member panel *only if* the case presents one of the circumstances listed in § 1003.1(e)(6). Accordingly, "[t]he very act of a single-member panel affirming the IJ's decision serves as an explanation that the BIA did not believe that the IJ made any factual or legal errors that required reversal by a three-member panel." *Amezola-Garcia v. Lynch*, 846 F.3d 135, 142 (6th Cir. 2016).

In accordance with that standard of review, we find that the BIA did not abuse its discretion by failing to rule on Murillo-Reyes's motion for a panel decision. The BIA decided Murillo-Reyes's appeal through a single member, as the regulations authorize it to do. *See* 8 C.F.R. §§ 1003.1(e)(6), 1003.2(i). And this Court has explained that the BIA does not abuse its discretion when it assigns an appeal to a single member "'for any stated reason' or 'for no stated reason at all.'" *Khaytekov*, 794 F. App'x at 501 (quoting *Gafurova*, 911 F.3d at 331). Therefore, the BIA did not abuse its discretion by resolving Murillo-Reyes's motion to remand as a single member and declining to explain its reasoning for doing so.

### III. CONCLUSION

For the reasons stated above, we **DISMISS** Murillo-Reyes's petition for review of the BIA's denial of his motion to remand and motion for administrative notice. We **DENY** Murillo-Reyes's petition for review of the BIA's decision to resolve his appeal by a single member rather than a three-member panel.